## A. E. THOMPSON, Appellant, v. FRITZ LEUTH.

Practice: DENIAL OF SIGNATURE. Where a contract sued on is set out by copy and is met simply with a general denial, it is error to require proof of genuineness of signature.

SPECIAL FINDING held to be contrary to the evidence.

*Appeal from Sioux District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

SATURDAY, APRIL 6, 1895.

Action at law to recover for services alleged to have been rendered in the sale of real estate. There was a trial by jury, and a verdict and judgment for the defendant. The plaintiff appeals.—*Reversed.*

*C. A. Irwin* and *G. T. Hatley* for appellant.

No appearance for appellee.

Robinson, J.—The petition alleges that in August, 1892, the plaintiff entered into a written contract with the defendant for the finding of a purchaser, and the selling, for the defendant, of a farm of one hundred and forty-three acres. The alleged contract was set out by a copy in the petition, purports to be signed by the defendant, and provides for the sale of the land at thirty-three dollars per acre. The petition further alleges that it was agreed, although not expressed in the writing, that the purchaser should assume the payment of an incumbrance on the farm of two thousand

four hundred dollars; that the remainder of the purchase price should be paid in cash; and that as compensation for services to be rendered by the plaintiff, he was to receive such sum as he should obtain for the farm in excess of thirty-three dollars per acre. It is further alleged that the plaintiff negotiated a sale of the farm to a person who was able and willing to pay for it the agreed price of thirty-five dollars per acre, according to the terms authorized, and that the defendant refuses to consummate the sale and deliver a deed for the farm. Judgment against the defendant for the sum of two hundred and eighty dollars is demanded. The answer contains a general denial, and avers that, if the defendant signed the contract set out in the petition, he was at the time in such an intoxicated condition as to be incapable of transacting business. Other averments are made, which are not material to a determination of this appeal.

I.  The appellant complains that the court treated the signing of the written agreement set out in the petition as a matter of dispute, and placed upon him the burden of proving it. So much of the agreement as was alleged to be not included in the writing was properly treated as in controversy, but the court erred in requiring the plaintiff to prove the signature to the writing. The writing was incorporated in the petition by copy, and the genuineness of the signature thereto was not denied under oath. Code, section 2730.

II.  The evidence showed, and the jury found specifically, that the plaintiff negotiated a sale of the farm to one Mike Hanna, for thirty-five dollars per acre; that Hanna was to assume the incumbrance, and pay the remainder of the purchase price in cash. The jury was required to answer a special interrogatory as follows: "(2) Do you find from the evidence that

Mike Hanna, about October, 1892, was ready, able, and willing to purchase defendant's farm, and pay for the same, as alleged by plaintiff in his petition?" The answer given was, "No." We are of the opinion that this was contrary to the evidence. It was shown without conflict, in the evidence, that when the sale to Hanna was negotiated, he had one thousand dollars in money to use in paying for the land; that he had some other property; and that the plaintiff had arranged to furnish the remainder needed to complete the cash payment. Therefore, it appears that the second special interrogatory should have been answered by the jury in the affirmative. It related to a vital issue in the case, and the error in the answer is sufficient to require a new trial.

III. The appellant has discussed numerous questions to which we do not think it necessary to refer specifically. None of them will necessarily arise on another trial, and, in the absence of an argument for the appellee, we refrain from deciding them.

For the errors pointed out, the judgment of the district court is *reversed*.